IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18–cr-30104-SMY |
| | ) |
| DEANTHONY L. TILLMAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendant DeAnthony L. Tillman's *pro se* Motion for Emergent Release on Conditions of Compassionate, Covid 19 Issues (Doc. 45), which the Court construes as a motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Assistant Federal Public Defender Todd Schultz entered his appearance on behalf of Tillman (Doc. 47) and subsequently filed a Motion to Withdraw as Counsel on the basis that Tillman is not eligible for compassionate release under the First Step Act (Doc. 48).

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either

exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest.

The Court sentenced Tillman to 84 months imprisonment on February 5, 2019 (Doc. 42). He is currently a pretrial detainee at the Saline County Detention Center in Benton, Arkansas, awaiting trial on federal charges out of the Western District of Arkansas in case 6:19-cr-60035. Tillman asserts that he suffers from raynauds disease and "seems to be at a much higher risk for developing more serious complications from COVID-19."

As an initial matter, Tillman, a pretrial detainee, is unable to satisfy § 3582(c)(1)(A)'s warden request requirement and 30-day lapse provision because he is not currently in BOP custody. Additionally, while the Court recognizes the unprecedented magnitude of the COVID-19 pandemic, Tillman's contention that he may be at a heightened risk of contracting the virus is merely speculative. Accordingly, the Court **DENIES** Tillman's "Motion for Emergent Release on Conditions of Compassionate, Covid 19 Issues" (Doc. 45) and **GRANTS** Assistant FPD Todd Schultz's Motion to Withdraw as Counsel (Doc. 48).

**IT IS SO ORDERED.**

**DATED: April 16, 2020**

**STACI M. YANDLE**
**United States District Judge**